IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Veloz,<br><br>                    Plaintiff,<br><br>v.<br><br>Green Tree Servicing LLC,<br><br>                    Defendant. | No. CV-13-00915-PHX-DGC<br><br>**ORDER** |

Plaintiff Maria Veloz has filed a motion to amend her complaint. Doc. 23. The motion has been fully briefed. Docs. 23, 24, 27. No party has requested oral argument. For the reasons set forth below, the Court will grant Plaintiff's motion.

Plaintiff's original complaint alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 *et seq.*, and the Arizona Consumer Fraud Act ("ACFA") A.R.S. § 44-1521 *et seq*. Doc. 23 at 6. Specifically, Plaintiff alleged that Defendant, a servicer of mortgage loans to whom the Plaintiff's Deed of Trust was assigned, failed to make timely payments on an insurance policy, resulting in cancellation of coverage and subsequent denial of a claim for water damage by Plaintiff. *Id*.

In her proposed amended complaint, Plaintiff seeks to add a claim of negligence against Defendant. Doc. 23 at 12. The additional claim asserts that Defendant's failure to pay the insurance premium on time was a breach of Defendant's duty to Plaintiff, and that Defendant acted negligently and unreasonably in servicing Plaintiff's loan. *Id*.

**I.     Rule 15 Standard Regarding Amendments to Pleadings.**

Under Rule 15, the Court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). This liberality "is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay, (2) bad faith or dilatory motives on the part of the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs*, 833 F.2d at 186). The party opposing amendment bears the burden of showing a reason for denying a motion to amend. *DCD Programs*, 833 F.2d at 187.

**II.     Futility.**

Defendant argues that Plaintiff's proposed amendment is futile. Doc. 24 at 4. A motion for leave to amend is futile only "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988); *see also Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

Defendant argues that Plaintiff's new negligence claim is futile because Plaintiff has failed to identify any duty owed Plaintiff by Defendant. Doc. 24 at 5. Defendant argues that no "special relationship" exists between Plaintiff and Defendant that could form the basis of a duty. *Id*. As a result, Defendant argues that Plaintiff's amended claim cannot meet the requirements of Rule 8 and the pleading standards articulated in

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The absence of a duty would make any claim for negligence futile and subject to dismissal. *Gipson v. Kasey*, 150 P.3d 228, 230 (2007).

Contractual relationships can give rise to duties of care. *Gilbert Tuscany Lender, LLC v. Wells Fargo Bank*, 307 P.3d 1025, 1028 (App. 2013), citing *Gipson*, 150 P.3d at 232. Here, Plaintiff asserts that its Deed of Trust provides that Plaintiff would pay to Defendant "Funds" for taxes and insurance. Doc. 23, ¶ 14. This allegation is a sufficient statement of a contractual relationship to allege a duty by Defendant to pass the funds on to the insurer.

Additionally, no "special relationship" is required between Plaintiff and Defendant to create a duty of care. *Gipson*, 150 P.3d at 232. Rather, "when public policy has supported the existence of a legal obligation, courts have imposed duties for the protection of persons with whom no preexisting 'relationship' existed." *Id*. at 232. Statutes may be an appropriate expression of public policy upon which a duty of care can be based, *id*. at 233, and Plaintiff's claim of negligence in her amended complaint rests on the timeliness of Defendant's insurance premium payments, an obligation required under RESPA, 12 U.S.C. § 2605(g) ("the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due"). Plaintiff asserts that Defendant was assigned the Deed of Trust to Plaintiff's residential real estate, that Defendant is a servicer under RESPA, and that Defendant failed to make payments on time. Doc. 23 at 7.

These factual allegations are sufficient to state a claim that Defendant owed a duty of care to Plaintiff, and that the duty was breached. *Iqbal*, 556 U.S. at 678 (noting that a complaint must "contain sufficient factual matter, accepted as true," to allow the court to draw reasonable inference that defendant is liable").

1 **IT IS ORDERED** that Plaintiff's motion to amend (Doc. 23) is **granted**.

Dated this 21st day of November, 2013.

_____
David G. Campbell
United States District Judge