**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Veloz, | No. CV-13-00915-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Green Tree Servicing LLC, | |
| Defendant. | |

Plaintiff Maria Veloz has filed a motion for reconsideration of the Court's order dated May 29, 2014 (Doc. 61) granting in part and denying in part Defendant's motion for summary judgment (Doc. 49). Doc. 63. Defendant has responded. Doc. 65. For the reasons set forth below, the Court will grant the motion in part and deny it in part.

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**A.   Mold Coverage.**

The Court's May 29, 2014 order stated that Plaintiff had identified no portion of the Mercury policy that provided coverage for mold remediation. Doc. 61 at 4. Plaintiff has identified a portion of her controverting statement of facts which she contends the Court failed to consider. Specifically, she notes that her controverting statement of facts cites to a portion of the Mercury policy that provides coverage for mold remediation and living expenses.[1] *See* Doc. 54, ¶ 28. Plaintiff is correct. The Court erred in not considering this citation.

The cited portion of the Mercury policy provides that Mercury will pay for remediation of "fungi, other microbes or rot from the covered property" where a "loss caused by a Peril Insured Against results in fungi, other microbes or rot[.]" Doc. 50-4 at 17. The policy further provides that Mercury will pay for "[a]ny reasonable and necessary increase in living expense you can incur [s]o that your household can maintain its normal standard of living[.]" *Id.* The policy states that the "most [Mercury] will pay under this additional coverage is $5,000." *Id.*

In its reply in support of its motion for summary judgment, Defendant argued that Plaintiff cannot rely on the Mercury policy because it was not authenticated and an unauthenticated document cannot create an issue of material fact. This argument is without merit because the Mercury policy relied on by Plaintiff was submitted by Defendant as an exhibit to its motion for summary judgment, clearly suggesting that Defendant did not have difficulty with its authentication. *See* Doc. 50-4.

In its response to the motion for reconsideration, Defendant argues that Plaintiff cannot rely on the mold policy language because the Mercury policy expired in January 2013. Doc. 65 at 2. But the gravamen of Plaintiff's claim is that the policy expired because Defendant failed to pay the premium as promised. Although it is possible that any continuing policy would have had different terms, that mere possibility is not enough

---

[1] Plaintiff's controverting statement of facts cites this provision as appearing on page 12 of Defendant's exhibit D. Doc. 54, ¶ 28. Although the cited page is page 12 of the Mercury policy, it is actually page 17 of Defendant's exhibit D. *See* Doc. 50-4 at 17.

to grant summary judgment. In ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The facts to be believed, therefore, are (1) that Plaintiff's policy provided mold coverage, and (2) that the policy was cancelled because Defendant failed to pay the premium. Justifiable inferences that may be drawn from these facts include that the policy would have remained in place had Defendant paid the premium and would have continued to provide mold coverage.

The Court's initial order stated that "Plaintiff must show not only that she incurred the expenses, but also that the Mercury policy would have covered them." Doc. 61 at 4. Plaintiff submitted with her amended complaint a copy of an estimate from Stratton Restoration totaling $47,832.37. *See* Doc. 33-7. Although Plaintiff does not cite to the Stratton estimate in either her statement of facts supporting her motion for summary judgment or her controverting statement of facts opposing Defendant's motion for summary judgment, the Stratton estimate does include some expenses related to mold testing (*id.* at 3) and hazardous material remediation (*id.* at 10). Aside from her affidavit, Plaintiff did not submit any evidence of her alleged additional living expenses. Plaintiff's cited evidence is sufficient to create an issue of fact as to whether the Mercury policy provided coverage for mold remediation and whether Plaintiff incurred expenses related to mold remediation. The Court therefore will deny Defendant's motion for summary judgment as to the issue of mold remediation. Because Plaintiff has not presented evidence demonstrating that she incurred additional living or storage expenses, the Court will grant summary judgment for the Defendant as to these issues.

**B.     Evidence of Damages.**

Plaintiff's motion for reconsideration also asks the Court to amend its original order to allow "Plaintiff to present evidence on [ ] damages as well." Doc. 63 at 2. To the extent Plaintiff is seeking permission to submit additional evidence of damages, that request is denied. Plaintiff was required to submit evidence in response to Defendant's

motion for summary judgment. The Court will not allow Plaintiff to submit additional evidence without a showing that she could not previously have known of the evidence through the exercise of reasonable diligence. *See Motorola, Inc.*, 215 F.R.D. at 586. Plaintiff has made no such showing.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 63) is **granted in part** and **denied in part** as set forth above.

Dated this 13th day of June, 2014.

_____
David G. Campbell
United States District Judge