**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000
David L. Allen (020339)
dla@jaburgwilk.com
Laura Rogal (025159)
lar@jaburgwilk.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Veloz, a married woman dealing with her sole and separate property, | Case No. 2:13-cv-00915-JJT |
| Plaintiff, | |
| v. | **Defendant Green Tree Servicing, LLC's Motion for Judgment as a Matter of Law** |
| Green Tree Servicing, LLC, a Delaware limited liability company, | |
| Defendant. | (Assigned to Honorable John J. Tuchi) |

    Defendant Green Tree Servicing, LLC respectfully makes this Motion pursuant to Rule 50(a), Fed.R.Civ.P., and asks that the Court enter Judgment in its favor and against Plaintiff Maria Veloz as to all causes of action pending in this trial. Plaintiff has been fully heard in support of her claims for relief, but as a matter of law, no reasonable jury would have a legally sufficient evidentiary basis to find in favor of Plaintiff. As a result, Green Tree is entitled to have Judgment entered in its favor on each of the four causes of action.

**1.  Rule 50 Standard Is Met Here**

    Federal Rule of Civil Procedure 50(a) permits a party to move for judgment as a matter of law after the opposing party has been fully heard and prior to the submission of the case to the jury. Fed.R.Civ.P. 50(a). A district court can grant a Rule 50(a) motion for judgment as a matter of law when "there is no legally sufficient basis for a

49857-49857-90724\LAR\LAR\1652352.2

reasonable jury to find for that party on that issue." *Jorgensen v. Cassiday*, 320 F.3d 906, 917 (9th Cir.2003) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). "[I]n entertaining a motion for judgment as a matter of law, the court ... may not make credibility determinations or weigh the evidence." *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir.2009) (alteration in original) (quoting *Reeves*, 530 U.S. at 150, 120 S.Ct. 2097).

Here, there is only one reasonable conclusion which can be reached by the jury. Based on the undisputed law which the jury is bound to apply, Plaintiff has not presented the jury with any evidence to support any of her claims for relief, let alone a claim for punitive damages. Judgment in favor of Green Tree is appropriate at this time without submitting the weight of the evidence to the jury.

**2.    There Is No Legally Sufficient Basis To Find In Favor Of Plaintiff As To Count One – Violation of 12 U.S.C. § 2605(g)**

Without weighing the evidence, and instead taking all evidence which has been presented to the Court on its face, it becomes evident that as a matter of law, no reasonable juror could find for Plaintiff on Count One of her First Amended Complaint. There are two reasons for this. First, Plaintiff has not met her burden of proof to show liability, because as a matter of law, the undisputed actions of Green Tree are legally excused from liability because they followed directly the Code of Federal Regulations ("CFR"). Second, Plaintiff has not met her burden of proof to show she was damaged by any action of Plaintiff. Each reason justifies entry of judgment as a matter of law in favor of Green Tree.

A.  Plaintiff Has Not Met Her Burden Of Proof For Liability

Plaintiff's first claim for relief alleges a violation of 12 U.S.C. § 2605(g) for Green Tree's alleged failure to pay Plaintiff's homeowners' insurance premium. Plaintiff's claim fails as a matter of law because the evidence shows that Green Tree

2

49857-49857-90724\LAR\LAR\1652352.2

made good faith attempts to obtain information from Plaintiff regarding renewal of the homeowners' insurance policy (Exhibits 4; 40). The evidence also shows that Plaintiff did not provide Green Tree with billing information for her homeowners' insurance until – at the earliest – February 18, 2013. (Exhibit 5). Because by that point in time, the insurance policy had already expired (Exhibit 9 - showing the policy expired on January 21, 2013), Green Tree had a reasonable basis to believe that Plaintiff's insurance was cancelled or otherwise not renewed. As a matter of law, that is enough to legally excuse any obligation of Green Tree to pay the insurance proceeds.

Additionally, Plaintiff has failed to present any admissible evidence that she, or her representatives, provided Green Tree with the information necessary to timely pay the insurance proceeds. The only evidence in the record on this point is the fact that as soon as Green Tree received the necessary information from Plaintiff, it paid Mercury the amounts that were requested. (Exhibits 16; 48-49). This evidence proves that Green Tree acted reasonably, and within the confines of the Rules, as opposed to in a manner contrary to RESPA.

On February 14, 2013, the Consumer Financial Protection Bureau ("CFPB") modified 12 CFR §1024.17(k), which interprets RESPA, to explain that there are <u>allowable scenarios</u> where a mortgage servicer does not disburse funds for payment of insurance, and has no liability for not doing so. Specifically, the CFPB chose to include language in the Code of Federal Regulations that gives Green Tree the discretionary ability to have "a reasonable basis to believe either that the borrower's hazard insurance has been canceled (or was not renewed)," and thus, no payment of insurance would be required at that time. 12 CFR §1024.17(k)(5)(ii)(A).

The CFPB also issues official interpretations of Regulation X. According to the CFPB, one example of this "reasonable basis" to believe that the homeowners' insurance was not renewed, thereby rendering Green Tree not liable for its failure to

3

1 disburse funds to pay that insurance, is when: "A servicer does not receive a payment
2 notice by the expiration date of the borrower's hazard insurance policy." *See*
3 http://files.consumerfinance.gov/f/201301_cfpb_final-rule_servicing-respa-
4 interpretations.pdf, last visited May 12, 2015. Good faith compliance with the CFPB
5 commentary affords Green Tree protection from liability for the very claims Plaintiff
6 has attempted to bring here. *See* 12 U.S.C. 2617(b) ("No provision of this chapter or the
7 laws of any State imposing any liability shall apply to any act done or omitted in good
8 faith in conformity with any rule, regulation, or interpretation thereof…").[1]

9       The facts of this case are undisputed regarding when the insurance policy
10 expired. January 21, 2013 was the last date which Plaintiff's policy with Mercury was in
11 place. While there is some dispute regarding when Plaintiff advised Green Tree about
12 her intention to renew the Mercury insurance policy, the evidence presented in this trial
13 make it clear that even accepting Plaintiff's unsupported statements at face value,
14 Plaintiff still did not give Green Tree **any** notice of her intention to renew her
15 homeowners' insurance until **after** the expiration of the policy. It was completely
16 reasonable for Green Tree to assume that the policy was cancelled or not renewed, since

---

[1] Green Tree recognizes that this Court disagrees with the application of 12 CFR §1024.17(k) to this case. However, 12 USC §2617(a) explains that the CFPB "is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." *Id*. It then goes on to explain:
> No provision of this chapter or the laws of any State imposing any liability shall apply to any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the Bureau or the Attorney General, notwithstanding that after such act or omission has occurred, such rule, regulation, or interpretation is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

12 USC §2617(b). Thus, in furtherance of the stated purpose of RESPA, it appears that the application of the referenced CFRs are appropriate here.

4

49857-49857-90724\LAR\LAR\1652352.2

the policy had already expired before any communication from Plaintiff regarding the policy.

Thus, at the very least, any reasonable juror must believe that Green Tree had a reasonable basis to believe that Plaintiff's homeowners' insurance was either cancelled or not renewed by Plaintiff, since the record shows that Green Tree did not receive any information from Plaintiff relating to that insurance policy prior to the expiration date of the policy.

Because Green Tree made good faith efforts to obtain from Plaintiff the funds necessary to pay the insurance premiums (Exhibits 4; 40), and because Plaintiff failed to provide that information, Green Tree cannot be found to have violated 12 U.S.C. §2605(g). Green Tree instead complied with the plain language of the loan documents, which allowed it to obtain force placed insurance, to take the place of Plaintiff's unpaid, and lapsed, Mercury policy. Plaintiff has not met its burden of proof to show that Green Tree did anything improper in not renewing the Mercury Policy, and instead obtaining its own, equivalent coverage for the Property.

In addition to there being no liability because Green Tree acted reasonably, Plaintiff also has failed to introduce any evidence into the record that there was any "penalty" to Plaintiff in the first instance, so as to trigger liability under the statute. According to RESPA, Green Tree was required to pay Plaintiff's insurance "in a timely manner as such payments become due." 12 USC §2605(g). The phrase "timely manner" means "on or before the deadline to avoid a penalty, as long as the borrower's payment is not more than 30 days overdue". 12 CFR §1024.17(k)(1). "Penalty" is another defined term and means "a late charge imposed by the payee for paying after the disbursement is due." 12 CFR §1024.17(b). Thus, the focus of the inquiry is (1) when was the deadline to make a payment?; and (2) what was the penalty for missing that deadline?

5

As stated previously, it is undisputed in the record that the deadline to renew Plaintiff's insurance policy with Mercury was January 21, 2013. (Exhibit 41). Thus, the only question for the jury would be whether or not Plaintiff was penalized for missing that deadline. Pursuant to 12 CFR §1024.17(b), the regulatory definition of "penalty" is "a late charge imposed by the payee for paying after the disbursement is due. It does not include any additional charge or fee imposed by the payee associated with choosing installment payments as opposed to annual payments or for choosing one installment plan over another." *Id*. Because there was no late charge imposed on Plaintiff by Mercury for any attempted policy renewal after January 21, 2013, there was no statutorily defined "penalty" which occurred here. Without imposition of a penalty, liability under §2605(g) does not exist as a matter of law.

Plaintiff has not met her burden of proof with respect to Count One – Violation of §2605(g). Based on the application of the relevant statutes and regulations, Plaintiff has failed to prove any necessary element of her claim for relief. Judgment should be entered in favor of Green Tree as to Count One of the First Amended Complaint.

B.  <u>Plaintiff has not met her burden of proof for damages</u>

In order to prevail on her claim under §2605(g) (or any of her RESPA claims), Plaintiff must also prove <u>actual damages</u>. *See Ghuman v. Wells Fargo Bank, N.A.*, 2013 WL 552097 (E.D.Cal.2013); *Saldate v. Wilshire Credit Corp.*, 711 F.Supp.2d 1126 (E.D.Cal.2010).

It is "the traditional understanding that tort recovery requires not only wrongful act plus causation reaching to the plaintiff, but proof of some harm for which damages can reasonably be assessed." *Doe v. Chao*, 540 U.S. 614, 621, 124 S. Ct. 1204, 1209, 157 L. Ed. 2d 1122 (2004) (citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 30 (5th ed.1984)).  Plaintiff has failed to present

6

1 any admissible evidence of actual damages which have become part of the record in this 2 case.

3 In order to prove actual damages, Plaintiff was required to prove that but for the 4 actions of Green Tree, she would have not suffered the monetary damages she is 5 claiming. *See Allen v. United Fin. Mortgage Corp.*, No. 09–2507 SC, 2010 WL 6 1135787, at *5 (N.D.Cal). March 22, 2010) (the plaintiff must "point to some colorable 7 relationship between his injury and the actions or omissions that allegedly violated 8 RESPA."). Plaintiff has not done this. Instead, the record shows that Plaintiff received 9 from the Assurant policy the entire amount of the cost to repair her kitchen, as appraised 10 by Assurant. (Exhibits 16; 23; 48-49). In order for Plaintiff to have proven that she was 11 damaged above and beyond the repair costs already paid to her, she was required to 12 present evidence that (1) additional damages were suffered to the Property; and (2) 13 those damages would have been remediated if she held her same homeowners' 14 insurance policy with Mercury Insurance as of the date of the water damage to the 15 Property. This proof does not exist.

16 First of all, Plaintiff has not shown any additional damage to the Property, other 17 than the claimed mold damage. However, the testimony from Plaintiff is unpersuasive 18 that there was a presence of mold on the Property as a result of the March 2013 leak. 19 Instead, the record shows that Plaintiff has owned the Property since 1993 (Exhibit 46), 20 and that Plaintiff has no way of knowing when the mold first appeared on the Property.

21 In addition, Plaintiff did not introduce any evidence or testimony that the 22 Mercury Insurance policy would have resulted in her receiving a larger payout than 23 what she obtained from Assurant, or that the repairs to the kitchen would have been 24 done sooner. As shown through the Mercury Insurance policy, Plaintiff would not have 25 received the excess compensation she has demanded Green Tree compensate her for. 26 (Exhibit 8).

7

49857-49857-90724\LAR\LAR\1652352.2

1  Instead, Plaintiff attempts to play off the emotions of the jury in speaking about
2  the timing of the repairs and "living through" the damage to her kitchen. But as should
3  be apparent from the evidence, Green Tree is not responsible for, or otherwise involved
4  with, the damage to Plaintiff's kitchen. The only question regarding Green Tree's role
5  with damages should be whether or not the proven actions of Green Tree – which
6  consist of asking Plaintiff for proof of her homeowners' insurance (Exhibits 4; 40);
7  timely paying Plaintiff's homeowners' insurance as soon as appropriate proof of
8  insurance was provided; and retroactively placing homeowners' insurance on the
9  Property so that Plaintiff's damages were covered (Exhibit 42) – caused any monetary
10 damage to Plaintiff. The record is clear that it did not.

11  The burden was on Plaintiff to "'provide evidence such that the jury is not left to
12 speculation or guesswork in determining the amount of damages to award.'" *McGlinchy
13 v. Shell Chem. Co.*, 845 F.2d 802, 808 (9th Cir.1988) (quoting *Dolphin Tours, Inc. v.
14 Pacifico Creative Serv., Inc.*, 773 F.2d 1506, 1509 (9th Cir.1985)). In this case,
15 Plaintiff has no proof of damages. She has already been paid for the full amount of
16 damage to the Property. (Exhibits 16; 23; 48-49). Because Plaintiff has not proven that
17 she was damaged, in any way, due to any action of Green Tree, she has not met her
18 burden of proof on damages and is legally incapable of judgment in her favor as to
19 §2605(g). Judgment must then be entered in favor of Green Tree on this cause of action.

20 **3.    There Is No Legally Sufficient Basis To Find In Favor Of Plaintiff As To**
21 **Count Two – Violation of 12 U.S.C. § 2605(e)**

22  Without weighing the evidence, and instead taking all evidence which has been
23 presented to the Court on its face, it becomes evident that as a matter of law, no
24 reasonable juror could find for Plaintiff on Count Two of her First Amended Complaint.
25 There are two reasons behind this. First, Plaintiff has not met her burden of proof to
26 show liability, because as a matter of law, the undisputed actions of Green Tree are

8

legally excused from liability because they followed directly the Code of Federal Regulations. Second, Plaintiff has not met her burden of proof to show she was damaged by any action of Plaintiff. Each reason justifies entry of judgment as a matter of law in favor of Green Tree.

      A. <u>Plaintiff has not met her burden of proof for liability</u>

Plaintiff's second cause of action seeks relief for the failure of Green Tree to respond to a QWR. Similar to Count One, Plaintiff has not met her necessary burden of proof here. In particular, Plaintiff has not proven (1) that her writing constitutes a Qualified Written Request as a matter of law; or (2) that the writing was sent to the correct location, as required by Green Tree. Each of these inactions on the part of Plaintiff excuses Green Tree from having to meet the strict deadline of acknowledging a QWR, as set forth in §2605(e).

Under § 2605(e), a loan servicer has an obligation to act when it receives a QWR from the borrower or borrower's agent "for information relating to the servicing of [the] loan." 12 U.S.C. § 2605(e)(1)(A). However, the letter which Plaintiff refers to as a "QWR" does not fall within the statutory definition of such.

Plaintiff's letter was written by her counsel. (Exhibit 18). It threatens to file a lawsuit if Green Tree does not "immediately hire competent, licensed contractors to go to my client's property to determine the extent of the damage, to remediate the mold and to rebuild the kitchen." (*Id.*). The letter does not make any requests or inquiries pertaining to the servicing of Plaintiff's loan by Green Tree. In fact, it does quite the contrary. Plaintiff's letter makes numerous demands and threats, but poses no questions (other than rhetorical ones). (*Id*.). This is not a letter which "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. §2605(e)(1)(B)(ii). "Not all written requests from a borrower

9

to a servicer require a response." *Au v. Republic State Mortgage Co.*, 948 F. Supp. 2d 1086, 1103 (D. Haw. 2013). Plaintiff's demand letter from her counsel is one of those letters that does not contain any of the elements to make it a QWR. It simply is not a QWR under the plain language of the statute.

In addition, a QWR cannot be "received" if it not directed to the proper party. Similarly, it cannot be a QWR at all if it is not properly addressed to the loan servicer. This is why the actions of Green Tree, to the extent that a QWR was even sent, are legally justified.

The record shows that Plaintiff was informed, on more than one occasion, where she was to direct any QWR letters. (Exhibit 43). The record also shows that the letter which Plaintiff claims to be a QWR was not directed to the proper address that Green Tree has designated for receiving QWRs. (Exhibits 18; 43). Plaintiff admits that nothing was sent by her or on her behalf to the proper QWR address.

The language in RESPA is silent on the question of *how* a QWR is to be conveyed to a mortgage servicer. 12 U.S.C. §2605(e). Other than imposing the obligation to make the request be "a written correspondence," Congress declined to explain how the QWR was to be presented to Green Tree and other similarly situated servicers. *Id*. However, the CFR interpreting this section explains that "a servicer may establish a separate and exclusive office and address for the receipt and handling of qualified written requests". 24 C.F.R. § 3500.21(e)(1)[2]. By establishing a separate

---

[2] The text of this Rule was removed effective July 16, 2014, because the Dodd-Frank Act transferred from HUD to the CFPB the authority to administer, enforce, and otherwise implement RESPA. Thus, HUD's rules regarding RESPA, including Section 3500.21, were vacated. However, they were still in effect in April 2013, when Plaintiff sent her supposed QWR, and thus, are to be applied to the facts of this case. In the alternative, the current rule, 12 CFR §1024.36(b), also allows Green Tree to establish a designated address for sending a written correspondence which is intended to be a QWR.

address for mailing any QWR to, and notifying Plaintiff of that address, Green Tree complied with the relevant CFR in imposing a mailing condition on any written correspondence which was intended to be a QWR. (Exhibit 43). It therefore is excused from liability as a matter of law for not acknowledging the letter from Plaintiff's counsel within five days of it being sent.

Finally, the record shows that Green Tree actually *did* timely respond to the letter from Plaintiff's attorney. (Exhibit 51). Green Tree wrote to Ms. Hone on April 5, 2013, just two days after her letter was sent. (*Id.*). The jury cannot reasonably conclude any liability should attach for the actions of Green Tree, because there was no QWR, because the letter was not directed to the correct location, and because Green Tree actually responded to the letter in a timely manner.

B. Plaintiff has not met her burden of proof for damages

In order to prevail on her claim under §2605(e), Plaintiff must also prove actual damages. *See Ghuman v. Wells Fargo Bank, N.A.*, 2013 WL 552097 (E.D.Cal.2013); *Saldate v. Wilshire Credit Corp.*, 711 F.Supp.2d 1126 (E.D.Cal.2010). As shown in Section 2(B), above, Plaintiff has not proven any damages, let alone damages which relate to the failure of Green Tree to respond to a written request for information within a finite period of time. The mere refusal of Green Tree to pay all amounts demanded by Plaintiff upon receipt of Plaintiff's demand is not a basis for liability under RESPA for an inadequate response to a QWR, nor does it somehow create actual damages. *See Echeverria v. BAC Home Loans Servicing, LP*, 900 F.Supp.2d 1299 (M.D.Fla.2012), affirmed 2013 WL 3752138. Because Plaintiff has not proven that she was damaged, in any way, due to any action of Green Tree, she has not met her burden of proof on damages and is legally incapable of judgment in her favor as to §2605(e). Judgment must then be entered in favor of Green Tree on this cause of action.

11

### 4. There Is No Legally Sufficient Basis To Find In Favor Of Plaintiff As To Count Three – Violation of 12 USC §2605(k)/(l)

Count Three of the First Amended Complaint alleges a violation of 12 U.S.C. § 2605(k) and (l), premised on the theory that Green Tree failed to cancel the lender-place insurance on the Property. However, on cross-examination Plaintiff conceded that the policy placed by Green Tree with Assurant was cancelled in approximately April 2013, when Plaintiff finally provided Green Tree with proof of her own insurance. Plaintiff has also acknowledged that she only paid Green Tree approximately $700 (or possibly less) towards the force-placed insurance, because the remainder was refunded to her escrow account after the Assurant policy was cancelled. No reasonable juror could conclude that Green Tree violated this statute, and thus, judgment as a matter of law should be entered for Green Tree.

### 5. There Is No Legally Sufficient Basis To Find In Favor Of Plaintiff As To Count Four – Negligence

Similar to the preceding RESPA claims, Green Tree is also entitled to judgment as a matter of law on Plaintiff's claim for negligence. Plaintiff has failed to introduce any admissible evidence to prove the mandatory elements of her claim for relief. In addition, Plaintiff has not proven that she was damaged as a result of any action on the part of Green Tree. Because the necessary evidence and testimony is not part of the record within Plaintiff's presentation of the case, judgment in favor of Green Tree as to count four of the First Amended Complaint should be entered.

A. Plaintiff has not met her burden of proof on liability for negligence

To recover in a negligence action, Plaintiff must prove each element of negligence – the existence of a duty, breach of that duty, causation, and damages. *Taeger v. Catholic Family & Cmty. Servs.*, 196 Ariz. 285, 294, ¶ 29, 995 P.2d 721, 730

12

(App. 1999). During the presentation of her case, Plaintiff has failed to establish that Green Tree had any duty to her other than that which is articulated in RESPA.

This Court has previously concluded that if there is a duty of care which exists between Green Tree and Plaintiff, it is one which is created under RESPA. (Dkt. 61). However, as noted in the preceding sections, Plaintiff has not proven anything other than Green Tree's compliance with its RESPA obligations. *See* Section 2(A), above. By acting in compliance with the only legal duties which exist, Green Tree cannot have been negligent in its actions relating to the payment of Plaintiff's homeowners' insurance.

There is no common-law duty of care owed by Green Tree to Plaintiff, independent of RESPA, under which Plaintiff can prevail on its negligence claim. "Duty is an obligation requiring the defendant to conform to a certain standard of conduct in order to protect others against unreasonable risks." *Gilbert Tuscany Lender, LLC v. Wells Fargo Bank*, 232 Ariz. 598, 307 P.3d 1025, 1028 (App. 2013). Whether or not this identified duty exists "is a matter of law for the court to decide." *Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007) (citing *Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 356, 706 P.2d 364, 368 (1985)).  As a matter of law, there is no cognizable duty in particular that Green Tree owes to Plaintiff to "timely pay the insurance premium." Plaintiff cannot meet her burden of proof to show the existence of any common law duty.

This is because no "special relationship" exists between Plaintiff and Green Tree out of which a duty of care should arise.  "Duties of care may arise from special relationships based on contract, family relations, or conduct undertaken by the defendant." *Gipson*, 214 Ariz. at 145, ¶ 18, 150 P.3d at 232.  As a practical matter, and based on the facts presented at trial, Green Tree does not owe Plaintiff any particular duties that could support a claim for negligence.

13

Public policy also does not create a duty of care between Plaintiff and Green Tree. In fact, it requires an opposite conclusion. There already is a litany of statutory language which governs the relationship between a mortgage servicer and a mortgagee. *See generally* RESPA, TILA, etc. The silence of Congress and the CFPB on the creation of any additional duties, which Plaintiff has asked this Court to impute in her negligence claim, is powerful evidence that Congress did not intend a duty of care, or a "special relationship" to exist between Green Tree and Plaintiff. *Wyeth v. Levine*, 555 U.S. 555, 575, 129 S. Ct. 1187, 1200, 173 L. Ed. 2d 51 (2009). By failing to meet her burden of proof to show the existence of any non-statutory duty between Green Tree and Plaintiff, judgment as a matter of law is appropriate here.

B. <u>Plaintiff has not met her burden of proof on damages</u>

Any claim for negligence requires proof of damages. *Amfac Distribution Corp. v. Miller*, 138 Ariz. at 152, 153, 673 P.2d 792, 793 (1983) ("[n]egligence alone is not actionable; actual injury or damages must be sustained before a cause of action in negligence is generated."); *Saucedo ex rel. Sinaloa v. Salvation Army*, 200 Ariz. 179, 183, 24 P.3d 1274, 1278 (App. 2001). There is no proof of *any* damage to Plaintiff as a result of any action by Green Tree. *See* Section 2(B), above. Because Plaintiff has not proven Green Tree caused her to be damaged, or what those damages are, judgment as a matter of law should be entered in favor of Green Tree.

**6.** **<u>There Is No Legally Sufficient Basis To Present The Issue Of Punitive Damages To The Jury</u>**

As a threshold issue, damages for Plaintiff's three RESPA-based causes of action do **not** allow for recovery of punitive damages. *See* 15 U.S.C. § 1640(a) (2009). Each of Plaintiff's RESPA claims are derived from 12 U.S.C. §2605(f), which limits Plaintiff's damages to "any actual damages to the borrower as a result of the failure." 12 U.S.C. §2605(f).

14

Even utilizing Plaintiff's negligence theory, and even if the Court allows the negligence theory to be presented to the jury, there is no evidence in the record to allow punitive damages to be argued to the jury. Under Arizona law[3], punitive damages may be recovered only under "special circumstances," and must be based on <u>more</u> than gross negligence. *Rawlings v. Apodaca*, 151 Ariz. 149, 162, 726 P.2d 565 (1986). Instead, "[p]unitive damages are an 'extraordinary civil remedy' that 'should be appropriately restricted to only the most egregious of wrongs.'" *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 331, 723 P.2d 675, 680 (1986). The Arizona Supreme Court has held that "before a jury may award punitive damages there must be evidence of an 'evil mind' *and* aggravated and outrageous conduct." *Id*. (emphasis added). Plaintiff has not presented any evidence of any of these mandatory elements of her case for punitive damages.

In addition, Plaintiff's burden of proof to recover punitive damages is a higher standard than for compensatory damages – "recovery of punitive damages should be awardable only upon **clear and convincing evidence** of the **defendant's evil mind**." *Linthicum*, 150 Ariz. at 332, 723 P.2d at 681 (emphasis added). The rationale for applying a more stringent standard is simple: "A standard that allows exemplary awards based upon gross negligence or mere reckless disregard of the circumstances overextends the availability of punitive damages, and dulls the potentially keen edge of the doctrine as an effective deterrent of truly reprehensible conduct." *Id.*

In deciding whether punitive damages are awardable, the focus is on the mental state of Green Tree, because the purpose of punitive damages is to punish the wrongdoer and deter others from the same sort of conduct. *Linthicum*, 150 Ariz. at 332, 723 P.2d at 68; *see also Sandpiper Resorts Dev. Corp. v. Global Realty Investments,*

---

[3] Punitive damages claims arising under state law are subject to state law standards for recovery. *See, e.g., Coughlin v. Tailhook Ass'n*, 112 F.3d 1052, 1056 (9th Cir. 1997).

*LLC*, 904 F. Supp. 2d 971, 986 (D. Ariz. 2012) (interpreting Arizona law). The mere participation in the commission of a tort is not enough; for punitive damages to be awarded, something more is required. *Rawlings v. Apodaca,* 151 Ariz. 149, 162, 726 P.2d 565, 578 (1986). Through her presentation of her case, Plaintiff has not presented any evidence that Green Tree was consciously aware of the evil of its actions and the spitefulness of its motives or its conduct was so outrageous, oppressive or intolerable in that it creates a substantial risk of tremendous harm to others. *Id.*, 151 Ariz. at 163, 726 P.2d at 579. No reasonable juror could conclude that such evidence exists, because Plaintiff has not put on ***any*** evidence of the mental state of Green Tree. Nor has Plaintiff presented any evidence that would allow a jury to conclude the actions of Green Tree were "evil", "spiteful", or otherwise intended to cause Plaintiff harm. At the very most, Plaintiff has shown that Green Tree acted prudently and rationally given the information it was provided by Plaintiff and her representatives. No other conclusion is possible from the evidence before the jury.

In *Rawlings*, the Arizona Supreme Court instructed as follows: "We do not believe that the concept of punitive damages should be stretched. We restrict its availability to those cases in which the defendant's wrongful conduct was guided by evil motives." *Rawlings*, 151 Ariz. at 162, 726 P.2d at 578. "Important factors to consider when deciding whether a defendant acted with an evil mind include (1) the reprehensibility of defendant's conduct and the severity of the harm likely to result, (2) any harm that has occurred, (3) the duration of the misconduct, (4) the defendant's awareness of the harm or risk of harm, and (5) any concealment of it." *Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn*, 184 Ariz. 120, 132, 907 P.2d 506, 518 (App. 1995) (citing *Thompson,* 171 Ariz. 550, 556, 832 P.2d 203, 209 (1992)). None of those factors have been introduced, let alone proven, by Plaintiff in her case.

16
49857-49857-90724\LAR\LAR\1652352.2

Plaintiff has identified that she wants "to punish Green Tree for its untimely response to Plaintiff's inquiries and failure to timely pay the Mercury Insurance premium before Plaintiff's homeowner's insurance policy lapsed." (Dkt. 83 at p. 11). Yet Plaintiff has not presented any facts showing any action on the part of Green Tree which even arguably rises above mere reckless disregard of the circumstances. *Id.*; *see also Linthicum*, 150 Ariz. at 331, 723 P.2d at 680; *Gurule v. Illinois Mut. Life and Casualty Co.*, 152 Ariz. 600, 603, 734 P.2d 85, 88 (1987).

Punitive damages are aimed "at retribution and deterring harmful conduct." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 492, 128 S.Ct. 2605, 2621, 171 L.Ed.2d 570 (2008). Nothing in the record shows that Green Tree's actions towards Plaintiff were willful. Indeed, the only evidence is that Green Tree acted according to its standard policies and practices with respect to the payment of Plaintiff's homeowner's insurance premium.

Punitive damages "are awarded only in the most egregious cases." *Hudgins v. Sw. Airlines, Co.*, 221 Ariz. 472, 486, 212 P.3d 810, 824 (App. 2009). This is not that case. There is no clear and convincing evidence (let alone *any* evidence) that Green Tree possessed an "evil mind" while engaging in aggravated and outrageous conduct. *Linthicum*, 150 Ariz. at 331-332, 723 P.3d at 680-81. Instead, the record shows that Green Tree was able to obtain for Plaintiff, at little cost to her, retroactive insurance coverage which resulted in payment to Plaintiff of nearly $25,000 for full repairs to her property. (Exhibits 48; 49).

**7.     Judgment For Green Tree Is Appropriate**

In view of the foregoing, and because Plaintiff has not met her burden of proof to demonstrate that there is a legally sufficient basis for a reasonable jury to find in her favor for any of her causes of action, including for punitive damages, judgment as a

matter of law should be entered in favor of Green Tree on all claims in the First Amended Complaint.

DATED this 20th day of May, 2015.

**Jaburg & Wilk, P.C.**

*/s/* Laura Rogal
David L. Allen
Laura A. Rogal
Attorneys for Defendant

*Certificate of Service*

I hereby certify that on the 20th day of May, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mary T. Hone, Esq.
LAW OFFICE OF MARY T. HONE, PLLC
10505 N. 69th Street, Suite 1400
Scottsdale, AZ 85253

*/s/ Debra Gower*

49857-49857-90724\LAR\LAR\1652352.2